IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,  )
                )  2:09-cv-02319-GEB-KJM
          Plaintiff,  )
                )  <u>STATUS (PRETRIAL</u>
     v.  )  <u>SCHEDULING) ORDER</u>
                )
ANNETTE ALEIDA ELLIOTT,  )
Individually and d/b/a THERAPEUTIC )
KNEAD; ANDREW ANTHONY ALCALA;  )
TERRI LYNN ALCALA,  )
                )
          Defendants.  )
_____ )

The status (pretrial scheduling) conference scheduled for February 1, 2010 is vacated since the parties indicate in the Joint Status Report that the following Order should issue.

<u>SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

<u>DISCOVERY</u>

All discovery shall be completed by March 16, 2011. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has

1

been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(c)(i)'s initial expert witness disclosure requirements on or before October 15, 2010, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(c)(ii) on or before November 15, 2010.

## MOTION HEARING SCHEDULE

The last hearing date for motions shall be May 16, 2011, at 9:00 a.m.[2]

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied. A motion in limine addresses the admissibility of evidence.

## FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for July 25, 2011, at 1:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trial worthy issues could be eliminated *sua sponte* "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle

---

[1] The Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. See Local Rule 302(c)(1). A party conducting discovery near the discovery "completion" date risks losing the opportunity to have a judge resolve a discovery dispute concerning that discovery.

[2] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1 one of the parties to judgment as a matter of law."  Portsmouth Square
2 v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).
3         The parties shall file a JOINT pretrial statement no later
4 than seven (7) calendar days prior to the final pretrial conference.[3]
5 The parties shall include in the joint pretrial statement: (1) a list
6 of the remaining claims against each defendant; (2) a list of the
7 remaining affirmative defenses; and (3) the estimated number of trial
8 days.[4]  Further, in accordance with Local Rule 281(b)(3)-(4), the
9 parties shall provide the undisputed facts they agree can be read to
10 the jury before opening statements, or used by the judge in deciding a
11 bench trial; and a concise statement of disputed factual issues
12 pertinent to the claims and affirmative defenses to be tried.
13         The Court uses the parties' joint pretrial statement to
14 prepare its final pretrial order and could issue the final pretrial
15 order without holding the scheduled final pretrial conference.  See
16 Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
17 requirement that the court hold a pretrial conference.").
18         If possible, at the time of filing the joint pretrial
19 statement counsel shall also email it in a format compatible with
20 WordPerfect to: geborders@caed.uscourts.gov.

---

[3]     The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

[4]     **The joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.**

3

<pre>
 1                          TRIAL SETTING
 2        Trial shall commence at 9:00 a.m. on October 25, 2011.
 3                          MISCELLANEOUS
 4        The parties are reminded that pursuant to Federal Rule of
 5   Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall
 6   not be modified except by leave of Court upon a showing of good cause.
 7   Counsel are cautioned that a mere stipulation by itself to change
 8   dates does not constitute good cause**.
 9        IT IS SO ORDERED.
10   Dated:  January 26, 2010
11
12                                  _____
                                    GARLAND E. BURRELL, JR.
13                                  United States District Judge
</pre>